## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S, <br><br> Plaintiffs, <br><br> v. <br><br> ZENARA PHARMA PRIVATE LTD. AND BIOPHORE INDIA PHARMACEUTICALS PRIVATE LTD. <br><br> Defendants | Civ. Action No. 19-cv-1938-LPS |

### DEFENDANTS ZENARA PHARMA PRIVATE LTD. AND BIOPHORE INDIA PHARMACEUTICALS PRIVATE LTD'S ANSWER TO COMPLAINT

Defendants Zenara Pharma Private Ltd. ("Zenara") and Biophore India Pharmaceuticals Private Ltd. ("Biophore") (collectively, "Biophore"), by its counsel, hereby respond to the allegations set forth in the Plaintiffs, Otsuka Pharmaceutical Co., Ltd. ("Otsuka") and H. Lundbeck A/S ("Lundbeck") (collectively, "Plaintiffs"), Complaint for patent infringement against Defendants under 35 U.S.C. § 271(e)(2). This response is based on Biophore's current knowledge as to its own activities, and on information and belief as to the activities of others. If not specifically admitted herein, the allegations of the Complaint are denied.

### NATURE OF THE ACTION

1.    Biophore admits that this action purports to arise under the United States, Patent Laws, Title 35, United States Code. Biophore further admits that Plaintiffs purport to seek relief from alleged infringement of U.S. Patent Nos. 7,888,362 ("the '362 patent"), 8,349,840 ("the '840 patent"), 8,618,109 ("the '109 patent"), 9,839,637 ("the '637 patent") and 10,307,419 ("the '419 patent") (collectively, "patents-in-suit"). Biophore admits that Zenara filed ANDA No. 213477

with the FDA for approval to sell its ANDA product, as a generic version of Otsuka's Rexulti®
drug product prior to the expiration of the patents-in-suit.   Biophore denies the remaining
allegations of paragraph 1.

## THE PARTIES

2.      Biophore is without knowledge or information sufficient to form a belief as to the
truth of the allegations of paragraph 2 of the Complaint, and therefore denies them.

3.      Biophore is without knowledge or information sufficient to form a belief as to the
truth of the allegations of paragraph 3 of the Complaint, and therefore denies them.

4.      Biophore is without knowledge or information sufficient to form a belief as to the
truth of the allegations of paragraph 4 of the Complaint, and therefore denies them.

5.      Admitted.

6.      Admitted.

7.      Admitted.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is
required.  Biophore will not contest subject matter jurisdiction in this Court solely for the purposes
of Plaintiffs' claims against Biophore in this case and solely as they apply to the proposed products
described in ANDA No. 213477.  Biophore denies any remaining allegations in this paragraph.

9.      Paragraph 9 of the Complaint states a legal conclusion to which no response is
required.  To the extent a response is required, Biophore will not contest personal jurisdiction for
the limited purpose of this action only.  Biophore denies any remaining allegations in this paragraph.

10.      Paragraph 10 of the Complaint states a legal conclusion to which no response is
required.  To the extent a response is required, Biophore will not contest personal jurisdiction for
the limited purpose of this action only.  Biophore denies any remaining allegations in this paragraph.

11.     Paragraph 11 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore will not contest personal jurisdiction for the limited purpose of this action only.  Biophore denies any remaining allegations in this paragraph.

12.     Paragraph 12 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477.  Biophore denies any remaining allegations in this paragraph.

13.     Admitted.

14.     Paragraph 14 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477.  Biophore will not contest personal jurisdiction for the limited purpose of this action only.  Biophore denies any remaining allegations in this paragraph.

15.     Paragraph 15 of the Complaint states a legal conclusion to which no response is required.  Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware.  Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

16.     Paragraph 16 of the Complaint states a legal conclusion to which no response is required.  Biophore will not contest personal jurisdiction or venue for the limited purpose of this action only.

17.     Paragraph 17 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore will not contest venue for the limited purpose of this action only.  Biophore denies any remaining allegations in this paragraph.

## FACTUAL BACKGROUND

### The NDA

18.     Admitted.

19.     Biophore is without information sufficient to admit or deny the allegations in this paragraph and therefore denies the allegations.

20.     Denied.

### The Patents-In-Suit

21.     Biophore admits that Plaintiffs purport that a true and correct copy of the '362 patent is attached to the Complaint as Exhibit A.  Biophore further admits that the '362 patent is entitled "Piperazine-Substituted Benzothiophenes for Treatment of Mental Disorders" and on its face indicates that it issued on February 15, 2011.

22.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka owns the rights to the '362 patent and/or whether Otsuka is an assignee of the '362 patent. Biophore admits that the '362 patent is assigned on its face to Otsuka.

23.     Paragraph 23 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore is without knowledge or information sufficient to admit or deny whether the '362 patent is properly a subject to terminal disclaimer. Biophore admits that Plaintiffs purport that a true and correct copy of the terminal disclaimer is attached to the Complaint as Exhibit B.

24.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka's calculations of the '362 patent expiration date is accurate.  Biophore admits that Plaintiffs purport that a true and correct copy of Otsuka's submission for patent term extension is attached to the Complaint as Exhibit C.

25.     Paragraph 25 of the Complaint states a legal conclusion to which no response is

required.  To the extent a response is required, Biophore admits that the '362 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations under Rexulti®.

26.     Biophore admits that Plaintiffs purport that a true and correct copy of the '840 patent is attached to the Complaint as Exhibit D.  Biophore further admits that the '840 patent is entitled "Piperazine-Substituted Benzothiophenes for Treatment of Mental Disorders" and on its face indicates that it issued on January 8, 2013.

27.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka owns the rights to the '840 patent and/or whether Otsuka is an assignee of the '840 patent. Biophore admits that the '840 patent is assigned on its face to Otsuka.

28.     Paragraph 28 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore is without knowledge or information sufficient to admit or deny whether the '840 patent is properly a subject to terminal disclaimer.

29.     Paragraph 29 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that the '840 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations under Rexulti®.

30.     Biophore admits that Plaintiffs purport that a true and correct copy of the '109 patent is attached to the Complaint as Exhibit E.  Biophore further admits that the '109 patent is entitled "Piperazine-Substituted Benzothiophenes for Treatment of Mental Disorders" and on its face indicates that it issued on December 31, 2013.

31.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka owns the rights to the '109 patent and/or whether Otsuka is an assignee of the '109 patent. Biophore admits that the '109 patent is assigned on its face to Otsuka.

32.     Paragraph 32 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore is without knowledge or information

sufficient to admit or deny whether the '109 patent is properly a subject to terminal disclaimer.

33.     Paragraph 29 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that the '109 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations under Rexulti®.

34.     Biophore admits that Plaintiffs purport that a true and correct copy of the '637 patent is attached to the Complaint as Exhibit E.  Biophore further admits that the '637 patent is entitled "Piperazine-Substituted Benzothiophenes for Treatment of Mental Disorders" and on its face indicates that it issued on December 31, 2013.

35.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka owns the rights to the '637 patent and/or whether Otsuka is an assignee of the '637 patent. Biophore admits that the '637 patent is assigned on its face to Otsuka.

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore is without knowledge or information sufficient to admit or deny whether the '637 patent is properly a subject to terminal disclaimer.

37.     Paragraph 37 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that the '637 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations under Rexulti®.

38.     Biophore admits that Plaintiffs purport that a true and correct copy of the '419 patent is attached to the Complaint as Exhibit G.  Biophore further admits that the '419 patent is entitled "Tablet comprising 7-[4-(4-benzo[b]thiopen-4-yl-piperazin-1-yl)butoxy]-1H-quinolin-2-one or a salt thereof."

39.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka owns the rights to the '419 patent and/or whether Otsuka is an assignee of the '419 patent. Biophore admits that the '419 patent is assigned on its face to Otsuka.

40.     Paragraph 40 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore is without knowledge or information sufficient to admit or deny whether the '419 patent expires on the indicated date.

41.     Paragraph 41 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that the '419 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations under Rexulti®.

## The ANDA

42.     Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

43.     Biophore admits that it filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

44.     Biophore is without knowledge or information sufficient to admit or deny whether Otsuka has received a letter sent by Biophore.  Biophore admits that on August 30, 2019, it sent a Notice Letter to Otsuka pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 and filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is required.

## COUNT I

## (INFRINGEMENT OF THE '362 PATENT)

46.     Biophore incorporates by reference all of the answers in prior paragraphs.

47.     Paragraph 47 of the Complaint states a legal conclusion to which no response is

required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

48.     Biophore admits that it filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

49.     Paragraph 49 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

50.     Paragraph 50 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of willful infringement.

51.     Paragraph 51 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of direct or indirect infringement.

52.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

53.     Paragraph 53 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of direct or indirect infringement.

54.      Biophore is without knowledge or information sufficient to form a belief as to the

8

truth of the allegations of paragraph 54 of the Complaint, and therefore denies them.

55.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, and therefore denies them.

56.     Denied.

## COUNT II

## (INFRINGEMENT OF THE '840 PATENT)

57.     Biophore incorporates by reference all of the answers in prior paragraphs.

58.     Paragraph 58 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

59.     Biophore admits that it filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

60.     Paragraph 60 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

61.     Paragraph 61 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of willful infringement.

62.     Paragraph 62 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of direct or indirect infringement.

63.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory

9

approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

64.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

65.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

66.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

67.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

68.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint, and therefore denies them.

69.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and therefore denies them.

70.     Denied.

**COUNT III**

**(INFRINGEMENT OF THE '109 PATENT)**

71.     Biophore incorporates by reference all of the answers in prior paragraphs.

72.     Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

73.     Biophore admits that it filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

74.     Paragraph 74 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

75.     Paragraph 75 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of willful infringement.

76.     Paragraph 76 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of direct or indirect infringement.

77.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

78.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware.

Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

79.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

80.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

81.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

82.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint, and therefore denies them.

83.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint, and therefore denies them.

84.     Denied.

<u>**COUNT IV**</u>

<u>**(INFRINGEMENT OF THE '637 PATENT)**</u>

85.     Biophore incorporates by reference all of the answers in prior paragraphs.

86.     Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

12

87.     Biophore admits that it filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

88.     Paragraph 88 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

89.     Paragraph 89 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of willful infringement.

90.     Paragraph 90 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of direct or indirect infringement.

91.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

92.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

93.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this

13

paragraph and therefore denies the allegations.

94.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

95.     Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

96.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint, and therefore denies them.

97.     Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint, and therefore denies them.

98.     Denied.

## COUNT V

## (INFRINGEMENT OF THE '419 PATENT)

99.     Biophore incorporates by reference all of the answers in prior paragraphs.

100.     Biophore admits that it filed ANDA No. 213477 with the FDA for approval of the matters therein.

101.     Biophore admits that it filed patent certifications pursuant to § 505(j)(2)(A)(vii)(IV) of the Act and § 314.94(a)(12)(i)(A)(4) of Title 21 of the CFR in support of its Abbreviated New Drug Application ("ANDA").  Biophore denies any remaining allegations in this paragraph.

102.     Paragraph 102 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Biophore admits that it filed ANDA No. 213477 with

the FDA for approval of the matters therein.

103.    Paragraph 103 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of willful infringement.

104.    Paragraph 104 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, submission of an ANDA to the FDA is merely a technical act of infringement and does not carry with it any implications of direct or indirect infringement.

105.    Biophore admits that it filed ANDA No. 213477 with the FDA, seeking regulatory approval to make and sell brexpiprazole tablets throughout the United States, including Delaware. Biophore is without information sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

106.    Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint, and therefore denies them.

107.    Biophore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint, and therefore denies them.

108.    Denied.

## REQUESTED RELIEF

Biophore denies that Otsuka is entitled to any of the relief sought in its Prayer for Relief, including the relief sought in Paragraphs (A) through (H) on pages 16-18 of the Complaint.

## AFFIRMATIVE DEFENSES

An allegation of any defense below is not an admission that Biophore bears the burden of proof or persuasion on any claim or issue.

**First Affirmative Defense – Non-Infringement of the Claims of Patents-in-Suit**

Biophore has not infringed, is not infringing, will not infringe, will not induce to infringe, and will not contribute to infringement of, literally or under the doctrine of equivalents, any valid and enforceable claims of the patents-in-suit.

**Second Affirmative Defense – Invalidity of the Claims of Patents-in-Suit**

The claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy the requirements of Title 35 of the United States Code, including, without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or for double patenting.

**Third Affirmative Defense – Collateral Estoppel**

Otsuka's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

**Fourth Affirmative Defense – Failure to State a Claim**

Otsuka's Complaint fails to state a claim upon which relief can be granted.

**RESERVATION OF ADDITIONAL DEFENSES**

Biophore reserves the right to assert such other defenses and damages, if such defenses or and damages are discovered during the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Biophore respectfully prays that this Court enter judgment in Biophore's favor and grant the following relief:

A.      Dismiss Otsuka's Complaint with prejudice and deny each and every prayer for relief contained therein;

B.      A declaration that Biophore does not infringe the claims of the patents-in-suit;

C.      A declaration that the claims of the patents-in-suit are invalid;

D.      Assess the costs of this action against Otsuka;

E.      A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285,

16

and that Biophore is entitled to recover its reasonable attorney fees and costs upon prevailing in this action;

F.     That the effective date of any FDA approval of Biophore's ANDA product shall not be stayed thirty months from the date of the Notice Letter, in accordance with 21 U.S.C. § 355(j)(5)(B)(iii);

G.     An award to Biophore of such further and other relief as this Court deems necessary, just, and proper.


Dated: October 30, 2019

                                      */s/ Kenneth L. Dorsney*
                                    Kenneth L. Dorsney (#3726)

OF COUNSEL:                      MORRIS JAMES LLP
                                   500 Delaware Avenue, Suite 1500
Dmitry V. Shelhoff             Wilmington, DE 19801
Edward D. Pergament        (302) 888-6800
PERGAMENT & CEPEDA LLP   kdorsney@morrisjames.com
89 Headquarters Plaza
North Tower, 14th Floor        *Attorneys for Defendants*
Morristown, NJ 07960         *Zenara Pharma Private Ltd. and*
(973) 998-7722               *Biophore India Pharmaceuticals Private Ltd.*
dshellhoff@pergamentcepeda.com
epergament@pergamentcepeda.com