IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1938-LPS |
| ZENARA PHARMA PRIVATE LTD. And BIOPHORE INDIA PHARMACEUTICALS PRIVATE LTD., | ) ) ) ) | |
| Defendants. | ) ) | |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1939-LPS |
| AJANTA PHARMA LTD., | ) ) ) | |
| Defendant. | ) ) | |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1952-LPS |
| AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS COMPANY GMBH, and RAKS PHARMA PVT. LTD., | ) ) ) ) ) | |
| Defendants. | ) ) | |

OTSUKA PHARMACEUTICAL CO., LTD.          )
and H. LUNDBECK A/S,                     )
                                         )
            Plaintiffs,                  )
                                         )   C.A. No. 19-1954-LPS
        v.                               )
                                         )
HETERO LABS LTD., HETERO LABS LTD.       )
UNIT-V, HETERO USA, INC., HETERO         )
DRUGS LTD., and HONOUR LAB LTD.,         )
                                         )
            Defendants.                  )
                                         )
OTSUKA PHARMACEUTICAL CO., LTD.          )
and H. LUNDBECK A/S,                     )
                                         )
            Plaintiffs,                  )
                                         )   C.A. No. 19-1955-LPS
        v.                               )
                                         )
TEVA PHARMACEUTICALS USA, INC.,          )
                                         )
            Defendant.                   )
                                         )
OTSUKA PHARMACEUTICAL CO., LTD.          )
and H. LUNDBECK A/S,                     )
                                         )
            Plaintiffs,                  )
                                         )   C.A. No. 19-1956-LPS
        v.                               )
                                         )
PRINSTON PHARMACEUTICAL INC.,            )
                                         )
            Defendant.                   )
                                         )

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1964-LPS ) |
| ALKEM LABORATORIES LTD., | ) ) ) |
| Defendant. | ) ) |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1965-LPS ) |
| AUROBINDO PHARMA LTD. and AUROBINDO PHARMA USA, INC., | ) ) ) |
| Defendants. | ) ) |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1977-LPS ) |
| UNICHEM LABORATORIES LTD., | ) ) ) |
| Defendant. | ) ) |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1987-LPS ) |
| ACCORD HEALTHCARE INC., | ) ) ) |
| Defendant. | ) ) |

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 19-1988-LPS ) |
| LUPIN LIMITED AND LUPIN PHARMACEUTICALS, INC., | ) ) ) |
| Defendants. | ) ) |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 19-2006-LPS ) |
| APOTEX INC., APOTEX CORP., APOTEX PHARMACHEM INC., and SIGNA S.A. DE C.V., | ) ) ) ) |
| Defendants. | ) ) |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 19-2007-LPS ) |
| ALEMBIC PHARMACEUTICALS LTD. and ALEMBIC PHARMACEUTICALS, INC., | ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S,<br><br>  Plaintiffs,<br><br>  v.<br><br>OPTIMUS PHARMA PVT. LTD.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 19-2008-LPS<br>)<br>)<br>)<br>)<br>)<br>) |
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S,<br><br>  Plaintiffs,<br><br>  v.<br><br>MSN LABORATORIES PVT. LTD., MSN PHARMACEUTICALS INC., and MSN LIFE SCIENCES PVT. LTD.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 19-2009-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S,<br><br>  Plaintiffs,<br><br>  v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LTD.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 19-2024-LPS<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MACLEODS PHARMACEUTICALS LTD. and MACLEODS PHARMA USA, INC.,<br><br>　　　　　　Defendants. | ) )<br>)<br>)<br>)<br>)　C.A. No. 19-2065-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SANDOZ INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 19-2080-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] SCHEDULING ORDER

This 14th day of October, 2020, the Court having consulted with the parties'

attorneys and received a joint proposed scheduling order pursuant to Local Rule 16.2(a) and

Chief Judge Stark's Revised Procedures for Managing Patent Cases (which are posted at

http://www.ded.uscourts.gov, *see* Chambers, Chief Judge Leonard P. Stark, Procedures, Patent

Procedures), and the parties having determined after discussion that the matter cannot be

resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS HEREBY ORDERED that:

1.　　Consolidation. The above-captioned actions are consolidated into lead action

---

[1] For the Court's convenience, the parties attach, as Exhibit A, a chart setting forth the schedule that the parties propose for the case.

{01618081;v1 }　　　　　　　　6

C.A. No. 19-1938-LPS.  Going forward, the case caption shall be the following, and all filings

shall be made in the lead action only:

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. AND H. LUNDBECK A/S, <br><br>     Plaintiffs, <br><br>       v. <br><br>ZENARA PHARMA PRIVATE LTD., ET AL. <br><br>     Defendants. | C.A. No. 19-1938-LPS (consolidated) |

     2.     <u>Service and Timing.</u>  The parties consent to service by email, in accordance with

Fed. R. Civ. P. 5(b)(2)(E).

     3.     <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>  Unless

otherwise agreed to by the parties or ordered by the Court, on **October 16, 2020**, the parties shall

make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  The parties shall make their

initial disclosures pursuant to Paragraph 3 of the Court's Default Standard for Discovery,

Including Discovery of Electronically Stored Information ("ESI") ("Del. Default Standard") on

**October 16, 2020**.  The parties are discussing a proposed ESI Order and will utilize the Court's

discovery dispute procedures should they be unable to reach agreement.

     4.     <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **June 4, 2021**.

     5.     <u>Protective Order.</u>  Counsel will confer and attempt to reach an agreement on a

proposed form of a protective order specifying terms and conditions for the disclosure of

confidential information and submit it to the Court within two weeks following entry of this

Scheduling Order.  Should counsel be unable to reach an agreement on a proposed form of order,

counsel must follow the provisions of Paragraph 9.k below.  Any proposed protective order must

include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly
> confidential," which may be provided for in the protective order]
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

6.      Papers Filed Under Seal. In accordance with section G of the Administrative

Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed

document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a

court proceeding (including a teleconference), such party should expressly note that intent during

the court proceeding.  Should the party subsequently choose to make a request for sealing or

redaction, it must, promptly after the completion of the transcript, file with the Court a motion

for sealing/redaction, and include as attachments (1) a copy of the complete transcript

highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and

(2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking

redactions must demonstrate why there is good cause for the redactions and why disclosure of

the redacted material would work a clearly defined and serious injury to the party seeking

redaction.

7.      Courtesy Copies. Other than with respect to "discovery matters," which are

governed by Paragraph 9.k, and the final pretrial order, which is governed by Paragraph 18, the

parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy

of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, *etc.*).  This provision also applies to papers filed under seal.

      8.    ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

      9.    Discovery.

      a.    Close of Fact Discovery. All fact discovery in this case shall be initiated so that it will be completed on or before **September 3, 2021**.

      b.    Initial Discovery and Exchanges. Pursuant to Paragraph 4(a)-(d) of the *Del. Default Standard*:

      (i)    Identification of Asserted Patents and Accused Products. On or before **October 16, 2020,** Plaintiffs shall identify the accused products and the asserted patents they allege are infringed and produce the file history for each asserted patent.

      (ii)    Production of Core Technical Documents. On or before **October 23, 2020**, each Defendant Group[2] shall produce to Plaintiffs core technical

---

[2] "Defendant Group" herein shall mean a Defendant or group of Defendants, each of which comprises a brexpiprazole ANDA-filing entity and its related entities, if any.  In these consolidated proceedings, there currently are 18 Defendant Groups:

    (1)    Accord Healthcare Inc.  This Defendant Group also includes Intas Pharmaceuticals Ltd. (dismissed from Civil Action No. 19-1987-LPS);

    (2)    Ajanta Pharma Ltd.;

    (3)    Alembic Pharmaceuticals Ltd. and Alembic Pharmaceuticals, Inc.;

    (4)    Alkem Laboratories Ltd.;

documents related to the accused product(s), including but not limited to the

ANDA for each accused product.

      (iii)   <u>Initial Infringement Contentions.</u>  On or before **November 20,**

**2020,** Plaintiffs shall serve on each Defendant Group initial infringement

contentions, including a claim chart relating each Defendant Group's accused

products to the asserted patent claims.

---

(5)     Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Company GmbH, and
Raks Pharma Pvt. Ltd.  This Defendant Group also includes Amneal
Pharmaceuticals, Inc. (dismissed from Civil Action No. 19-1952-LPS);

(6)     Apotex Inc., Apotex Corp., Apotex Pharmachem Inc., and Signa S.A. de C.V.;

(7)     Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.;

(8)     Hetero Labs Ltd., Hetero Labs Ltd. Unit-V, Hetero USA Inc., and Hetero Drugs
Ltd., and Honour Lab Ltd.;

(9)     Lupin Limited and Lupin Pharmaceuticals, Inc.;

(10)    Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.;

(11)    MSN Laboratories Pvt. Ltd., MSN Pharmaceuticals Inc., and MSN Life Sciences
Pvt. Ltd.;

(12)    Optimus Pharma Pvt. Ltd.;

(13)    Prinston Pharmaceutical Inc.  This Defendant Group also includes Zhejiang
Huahai Pharmaceutical Co., Ltd. and Solco Healthcare US, LLC (dismissed from
Civil Action No. 19-1956);

(14)    Sandoz Inc.;

(15)    Teva Pharmaceuticals USA, Inc.  This Defendant Group also includes Teva
Pharmaceutical Industries Ltd. (dismissed from Civil Action No. 19-1955-LPS);

(16)    Unichem Laboratories Ltd.;

(17)    Zenara Pharma Private Ltd. and Biophore India Pharmaceuticals Private Ltd.; and

(18)    Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd.

(iv)    Initial Invalidity Contentions.  On **December 23, 2020**, Defendants collectively shall serve on Plaintiffs their initial invalidity contentions for each asserted claim, as well as all of the references (*e.g.*, publications and patents) cited therein.

c.    Document Production.  Document production shall be substantially complete by **April 1, 2021**.

d.    Common Discovery.  The parties shall coordinate activities to reduce duplicative and cumulative discovery that is common to all Defendants ("Common Discovery Issues").  Common Discovery Issues include, but are not limited to, the validity of the patents-in-suit.

e.    Requests for Admission.  Plaintiffs may serve up to **twenty-five (25)** common requests for admission on Defendants.  Plaintiffs may serve an additional **fifteen (15)** non-duplicative requests for admission on each Defendant Group, not including admissions directed toward admissibility (i.e., authentication or business-records hearsay exception).  Defendants collectively may serve up to **twenty-five (25)** common requests for admission on Plaintiffs, not including admissions directed toward admissibility (i.e., authentication or business-records hearsay exception).  Each Defendant Group may serve an additional **fifteen (15)** non-duplicative requests for admission on Plaintiffs, not including admissions directed toward admissibility (i.e., authentication or business-records hearsay exception).

f.    Requests for Production.  To the extent practicable, the parties will make a good faith effort to coordinate and serve common requests for production (*i.e.*, Defendants may serve common requests for production on Plaintiffs, and Plaintiffs may

serve common requests for production on the Defendants).

      g.     Interrogatories.

      (i)     Plaintiffs may serve a maximum of **fifteen (15)** common interrogatories (including subparts), on Defendants, to which each Defendant Group will respond separately.  Plaintiffs may serve up to **ten (10)** additional, non-duplicative interrogatories (including subparts) on each Defendant Group. Collectively, Defendants may serve a maximum of **fifteen (15)** common interrogatories (including subparts), on Plaintiffs.  Each Defendant Group may serve up to **ten (10)** additional, non-duplicative interrogatories (including subparts) on Plaintiffs.

      (ii)     The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

      (iii)     If in responding to an interrogatory a party cites documents pursuant to Fed. R. Civ. P. 33(d) and such documents are in a language other than English, the responding party shall provide a certified translation of such documents.

      h.     Fact Depositions.

      (i)     Limitation on Hours of Fact Depositions.  Absent an agreement between the parties to the contrary or unless otherwise ordered by the Court

following a showing of good cause, Plaintiffs may take up to **thirty-five (35)**
hours of deposition testimony per Defendant Group from fact witnesses.
Defendants collectively may take up to **one-hundred-eighty (180)** hours of
deposition testimony from fact witnesses of Plaintiffs.  Each fact deposition
(excluding inventors) is limited to a maximum of **seven (7)** hours total unless
extended by agreement of the parties or leave of the Court.  Any fact witness that
is listed as an inventor on the face of a patent-in-suit will be produced for **ten (10)**
hours total unless extended by agreement or leave of Court.  For any deposition
conducted primarily through an interpreter, the deposition time may be extended
by 50%, so that, for example, an inventor may be deposed for a maximum of 15
hours, but all of the time on the record, including the additional time permitted for
an interpreted deposition, will count against the taking side's hours allotment.  For
purposes of the durational limits only, the deposition of each person designated
under Rule 30(b)(6) should be considered a separate deposition, but to the extent
an inventor is also designated as a 30(b)(6) witness for certain topics, such
witness deposition shall be limited to a total of **ten (10)** hours and may be
extended an additional 50% if conducted primarily through an interpreter.  Absent
agreement of the parties or order of the Court, interpreted depositions will last no
more than two (2) days.

       (ii)    <u>Location of Fact Depositions.</u>  The parties acknowledge the
difficulty of interstate and international travel in view of the on-going global
health crisis and will work in good faith to determine a reasonable location for
each deposition.  To the extent necessary, depositions may be conducted

telephonically or via Zoom, LiveNote, or other similar means, and the parties

agree to meet and confer in good faith, sufficiently in advance of any deposition,

to reach agreement on logistics.  Absent extraordinary circumstances (such as the

on-going pandemic), the parties will make all Rule 30(b)(6) witnesses available

for deposition in the U.S.

      i.      <u>Modifications to Limitations on Fact Discovery.</u>  The limitations on

requests for admission, requests for production, interrogatories, and fact depositions

contained in this Order may be modified by agreement of the parties subject to approval

of the Court or by motion to the Court, with the burden on the party seeking modification.

      j.      <u>Disclosure of Expert Testimony.</u>

      (i)      <u>Expert Reports.</u>  For the party who has the initial burden of proof

on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert

testimony is due on or before **December 6, 2021**.  Responsive expert reports to

contradict or rebut evidence on the same matter identified by another party are

due on or before **January 19, 2022**, and Plaintiffs, with respect to validity, may

raise opinions concerning objective indicia of nonobviousness.  Reply expert

reports from the party with the initial burden of proof are due on or before

**February 14, 2022**, and would include, but are not limited to, any disclosure by

Defendants to rebut or contradict opinions related to objective indicia of non-

obviousness.  Sur-reply reports on validity that will be limited to Plaintiffs'

response to objective evidence of nonobviousness raised in Defendants' reply

expert reports on validity are due on or before **February 28, 2022**.  No other

expert reports will be permitted without either the consent of all parties or leave of

the Court.  Along with the submissions of expert reports, the parties shall advise

of the dates and times of their experts' availability for deposition.  All expert

depositions shall be completed by **May 9, 2022**.

(ii)    Objections to Expert Testimony. To the extent any objection to

expert testimony is to be made pursuant to the principles announced in *Daubert v.*

*Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule

of Evidence 702, it shall be made by motion no later than **May 16, 2022**, unless

otherwise ordered by the Court.  Oppositions to such motions shall be filed no

later than **May 30, 2022**, and replies to such motion shall be filed no later than

**June 6, 2022**.

k.    Discovery Matters and Disputes Relating to Protective Orders.  Any

discovery motion filed without first complying with the following procedures will be

denied without prejudice to renew pursuant to these procedures.

(i)    Should counsel find, after good faith efforts — including *verbal*

communication among Delaware and Lead Counsel for all parties to the dispute

— that they are unable to resolve a discovery matter or a dispute relating to a

protective order, the parties involved in the discovery matter or protective order

dispute shall submit a joint letter in substantially the following form:

> Dear Judge Stark:
>
> The parties in the above- referenced matter write to
> request the scheduling of a discovery
> teleconference.
>
> The following attorneys, including at least one
> Delaware Counsel and at least one Lead Counsel
> per party, participated in a verbal meet-and-confer

(in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

(ii)     On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

(iii)    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

(iv)    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

10.     <u>Motions to Amend (or Supplement) a Pleading.</u>

a.      Any motion to amend (or supplement) (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the

requested relief, and shall attach the proposed amended (or supplemental) pleading as well as a "blackline" comparison to the prior pleading.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

11.     Motions to Strike.

a.      Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

12.     Claim Construction Issue Identification.

a.      On **January 29, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.

      b.     Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **February 11, 2021**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

     13.    <u>Claim Construction Briefing</u>. Plaintiffs shall serve, but not file, their opening brief (not to exceed 20 pages) on **March 12, 2021**. Defendants collectively shall serve, but not file, their answering brief (not to exceed 30 pages) on **April 9, 2021**. Plaintiffs shall serve, but not file, their reply brief (not to exceed 20 pages) on **April 30, 2021**. Defendants collectively shall serve, but not file, their sur-reply brief (not to exceed 10 pages) on **May 21, 2021**. No later than **May 27, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

     I.     Agreed-Upon Constructions

     II.    Disputed Constructions

     [TERM 1]

          1. Plaintiff's Opening Position

          2. Defendant's Answering Position

          3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

[TERM 2]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

14. _Hearing on Claim Construction_. Beginning at ___9 :00 A___.m. on June ___ 2021, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. _Interim Status Reports._

a.     _After Fact Discovery._   On **September 15, 2021**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule

a status conference.

      b.    After Expert Discovery. On **May 30, 2022**, counsel shall submit a joint letter to the Court with a report on what, if any, pretrial activities remain to be completed. Thereafter, if the Court deems it necessary, it will schedule a status conference.

      16.    Summary Judgment Motions. The Court will not hear summary judgment motions without leave of the Court. After the conclusion of fact discovery, any party may seek leave of the Court to file a motion for summary judgment. Leave may be sought via a letter brief process, whereby the party seeking leave may file a five (5) page opening letter brief. The party opposing leave may file a five (5) page responsive letter brief seven (7) days later, and the party seeking leave may file a three (3) page reply letter five (5) days after the responsive letter is filed.

      17.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      18.    Pretrial Order and Conference. On **July 8, 2022**, the Court will hold a pretrial conference in Court with counsel beginning at **9:00 a.m**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **July 1, 2022**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) courtesy copies of the joint proposed

final pretrial order and all attachments. As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

> a. a request for a specific number of *hours* for their trial presentations, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

> b. their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

> c. their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

> d. their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

19.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Plaintiffs may submit up to three (3) common *in limine* requests on Defendants, unless otherwise permitted by the Court. Plaintiffs may submit an additional two (2) non-duplicative *in limine* requests on each Defendant Group, unless otherwise permitted by the Court. Defendants collectively may submit

{01618081;v1 }                          21

up to three (3) *in limine* requests, unless otherwise permitted by the Court.  Each Defendant

Group may submit an additional two (2) non-duplicative *in limine* requests, unless otherwise

permitted by the Court.  Defendants will make a good faith effort to coordinate and jointly

submit *in limine* requests on common issues.  The *in limine* request and any response shall

contain the authorities relied upon; each *in limine* request may be supported by a maximum of

three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument,

and the side making the *in limine* request may add a maximum of one (1) additional page in reply

in support of its request.  If more than one party is supporting or opposing an *in limine* request,

such support or opposition shall be combined in a single three (3) page submission (and, if the

moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate

briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.     Trial.  This matter is scheduled for a 7-day bench trial beginning at 8:30 a.m. on

**July 25, 2022**, with the subsequent trial days also beginning at 8:30 a.m.  The trial day will end

no later than 5:00 p.m. each day.

21.     Post-Trial Briefing.  The parties will address the post-trial briefing schedule and

page limits in the proposed final pretrial order.

22.     Regulatory Stay.  Because Otsuka's Rexulti® product has been accorded NCE

status, the relevant statutory stay is set to expire on **January 10, 2023**.

23.     Consolidation with Other Matters; COVID-19.  The parties reserve the right to

revisit the deadlines and limitations set forth herein, subject to the Court's approval, in the event

this case is consolidated with any other matters involving different defendants or adjustments are

needed due to the impact of the ongoing COVID-19 pandemic.

SO ORDERED this _____ day of _____, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE