# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S, <br><br> Plaintiffs, <br><br> v. <br><br> ZENARA PHARMA PRIVATE LTD., et al., <br><br> Defendants. | C.A. No. 19-1938-LPS (consolidated) |

**REPLY IN SUPPORT OF CERTAIN DEFENDANTS' REQUEST
FOR LEAVE TO FILE A JOINT MOTION FOR SUMMARY JUDGMENT
OF NONINFRINGEMENT OF THE '419 PATENT**

Dear Judge Stark:

The SJ Defendants provide the following reply in support of their request for leave to file a joint motion for summary judgment of noninfringement of the '419 patent. Plaintiffs concede that there is no literal infringement and rely on two arguments to delay resolution of their baseless doctrine of equivalents ("DOE") allegations. Each of Plaintiffs' arguments is easily disposed of.

First, there are benefits to streamlining a case even if the proposed summary judgment motion does not resolve the case in its entirety. If the motion is granted, the Court will not have to hear from noninfringement experts on the '419 patent for 13 of the 17 defendant groups. The Court should reject any argument that discounts the substantial savings to the parties and the Court simply because the proposed motion does not resolve the case in its entirety.

Second, there are no factual disputes and there is no need for expert testimony with respect to the disclosure-dedication doctrine because that doctrine turns on the plain text of the '419 patent. That text speaks for itself. One example suffices to show that there are no disputed issues of fact as to whether the '419 patent discloses, but does not claim, the excipients that Plaintiffs now allege are equivalent to the claimed excipients. Specifically, for some of the SJ Defendants, Plaintiffs allege that microcrystalline cellulose ("MCC") is equivalent to the claimed binder, hydroxypropyl cellulose ("HPC"). However, the '419 patent expressly discloses and dedicates MCC as an unclaimed binder in the '419 patent specification, as shown below:

**Claim 1**

0.1 to 20% by weight of the binder (b), which is hydroxy-propyl cellulose;

— Dedicated →
— Claimed →

**'419 Patent Specification**

Examples of the binder (b) include sucrose; white soft sugar; pregelatinized starch; partially pregelatinized starch; cellulose or a derivative thereof such as microcrystalline cellulose, methyl cellulose, ethyl cellulose, sodium carboxymethyl cellulose (carmellose sodium), hydroxyethyl cellulose, hydroxyethyl methyl cellulose, hydroxypropyl cellulose, low-substituted hydroxypropyl cellulose, hydroxypropyl methyl cellulose (hypromelloses such as hypromellose 2208, hypromellose 2906, and hypromellose 2910), other polysaccharides such as acacia, powdered acacia, agar, powdered agar, guar gum, tragacanth, powdered tragacanth, pullulan, and pectin; acrylic acid based polymer such as methacrylic acid copolymer L, methacrylic acid copolymer LD, methacrylic acid copolymer S, ethyl acrylate-methyl methacrylate copolymer dispersion, aminoalkyl methacrylate copolymer E, and aminoalkyl methacrylate copolymer RS; sodium alginate; purified gelatin; hydrolyzed gelatin powder; carboxyvinyl polymer; copolyvidone; povidone; polyvinyl alcohol. These binders (b) may be used

(D.I. 401, Ex. 1, '419 patent at 4:33-51.) No amount of expert testimony or legal argument can undo this express disclosure-dedication of MCC as a binder in the '419 patent. The same is true for other excipients that Plaintiffs allege are equivalent to the claimed binder, disintegrant, and lubricant. In other cases, Plaintiffs allege that excipients separately recited in the asserted claims of the '419 patent are equivalent to the claimed excipients. For example, Plaintiffs allege that lactose and corn starch are equivalent to the claimed binder, HPC. But these alleged equivalents are separately claimed as "excipient (a), which is at least one member selected from the group consisting of lactose, corn starch, and microcrystalline cellulose."

If the Court agrees with the SJ Defendants that the disclosure-dedication doctrine bars the DOE for this and other listed excipients, then there is no need even to reach the alleged factual disputes Plaintiffs identify in their letter, which are related to whether the excipients in the SJ Defendants' products are functionally equivalent to the claimed excipients. And Plaintiffs' unfounded allegations of discovery delays are nothing but a red herring. It would be a waste of the Court's and the parties' time and resources to try the '419 patent when Plaintiffs admit there is no literal infringement and there is no dispute that Plaintiffs disclosed in the '419 patent specification and chose not to claim the excipients they now allege are equivalents. Defendants have a right to rely on Plaintiffs' disclosure and dedication of these unclaimed excipients, and summary judgment of noninfringement on this basis is warranted.

Plaintiffs' reliance on *Recro Gainesville LLC v. Actavis Labs. FL, Inc.*, No. 14-1118, 2017 WL 1064883, at \*5 (D. Del. Feb. 24, 2017) is misplaced because in that case the court found that the alleged equivalent "would not fall into any of the subcategories listed" in the specification. That is not the situation presently before the Court. Here, the specification expressly discloses the allegedly equivalent excipients. This is analogous to *Eagle Pharms. Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1175–77 (Fed. Cir. 2020) ("*Eagle II*") and *In re Bendamustine Consol. Cases*, No. 13-2046, 2015 WL 1951399, at \*3 (D. Del. Apr. 29, 2015), where the disclosure-dedication doctrine barred the application of the DOE. Plaintiffs try to distinguish *Eagle II* by arguing that the specification "expressly" identified ethanol as an alternative to the claimed fluid—but, as explained above, the same is true here, because the '419 patent "expressly" discloses but does not claim the alleged equivalents. It is for this same reason that Plaintiffs' attempt to distinguish *Bendamustine* also fails. The '419 patent, just like the patents in *Bendamustine,* identifies "precise" alternatives—not merely "general classes of binders, disintegrant, and lubricants" as alleged by Plaintiffs.

Regarding the application of estoppel, Plaintiffs first try to set a rule that "expert testimony" would be "required" to understand prosecution history, but that is not so, nor is that proposition supported by the cases Plaintiffs cite. In fact, this Court has previously dismissed a case based on prosecution history estoppel at the pleadings stage, without requiring additional discovery, let alone expert discovery. *Amgen Inc. v. Coherus Biosciences Inc.*, No. 17-546, 2018 WL 1517689 (D. Del. Mar. 26, 2018), *aff'd* 931 F.3d 1154 (Fed. Cir. 2019). Plaintiffs also argue that "more than 400 pages" of the prosecution history or potentially "four additional file histories" would be too complicated to analyze and are "ill-suited to summary judgment," but ignore the fact that the SJ Defendants have already highlighted out the two key entries in the history. Plaintiffs do not dispute the existence or contents of those entries, or identify any other part of the history to dispute the importance of those entries. Plaintiffs' arguments echo Amgen's failed arguments, which were (1) "the Court has not had the benefit of a developed record" and (2) "there are factual disputes." *Id.* at \*4. In that case, as here, plaintiff "[did] not identify any conflicting evidence [from the prosecution history]" but "merely disputes the interpretation of those facts." *Id.* Arguments—made now or during a summary judgment motion briefing—do not create a genuine issue of material fact. Because the SJ Defendants do not infringe the '419 patent, literally or under the DOE, they should be granted leave to file a motion for summary judgment of noninfringement.

Dated: December 13, 2021               Respectfully,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Robert M. Vrana (#5666)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendants Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Company GmbH and Raks Pharma Pvt. Ltd.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Zenara Pharma Private Ltd. and Biophore India Pharmaceuticals Private Ltd.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

KRATZ & BARRY LLP

*/s/ R. Touhey Myer*
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Attorneys for Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Hetero USA, Inc., Hetero Drugs, Ltd., Hetero Labs, Ltd. Unit-V, Hetero Labs, Ltd. and Honour Lab. Ltd.*

ABRAMS & BAYLISS LLP

*/s/ John M. Seaman*
John M. Seaman (#3868)
April M. Kirby (#6152)
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

3

(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendant Prinston Pharmaceutical Inc.*

PHILLIPS MCLAUGHLIN & HALL, P.A.

*/s/ David A. Bilson*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806-4204
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (#5199)

(302) 778-1000
seaman@abramsbayliss.com
kirby@abramsbayliss.com

*Attorneys for Defendants MSN Laboratories Pvt. Ltd., and MSN Pharmaceuticals Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Robert M. Vrana (#5666)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant Sandoz Inc.*

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendant Optimus Pharma Pvt. Ltd.*

ABRAMS & BAYLISS LLP

*/s/ John M. Seaman*
John M. Seaman (#3868)
April M. Kirby (#6152)

4

| | |
|---|---|
| Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>pkraman@ycst.com | 20 Montchanin Road, Suite 200<br>Wilmington, Delaware 19807<br>(302) 778-1000<br>seaman@abramsbayliss.com<br>kirby@abramsbayliss.com |
| *Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited* | *Attorneys for Defendant Accord Healthcare Inc.* |