# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO. LTD. and H. LUNDECK A/S<br><br>  Plaintiffs,<br><br>  v.<br><br>ZENARA PHARMA PRIVATE LTD., et al.<br><br>  Defendants. | Case No. 19-1938-LPS (consolidated) |

**DEFENDANTS APOTEX INC., APOTEX CORP., APOTEX PHARMACHEM INC., and SIGNA S.A. de C.V.'S REPLY LETTER IN SUPPORT OF REQUEST FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '419 PATENT**

Dear Judge Stark:

  Defendants Apotex Inc., Apotex Corp., Apotex PharmaChem Inc., and Signa S.A. de C.V.'s (collectively, "Apotex") file this reply letter in support of seeking leave to file a motion for summary judgment of non-infringement of U.S. Patent No. 10,307,419 ("the '419 patent"). Plaintiffs concede that there is no literal infringement and rely on arguments to delay resolution of their baseless doctrine of equivalents allegations. However, summary judgment of non-infringement is appropriate because it will be case-dispositive for Apotex, and contrary to Plaintiffs' contentions, can be decided on the current record without the need for expert discovery.

**I.**  **Summary Judgment Will Promote Judicial Efficiency by Entirely Resolving the Litigation With Apotex**

  There are benefits to streamlining a case even if the proposed summary judgment motion does not resolve the case in its entirety. Here, granting Apotex leave to file a motion for summary judgment is potentially case-dispositive for Apotex, and would preclude Apotex's non-infringement expert from testifying at trial, and save Apotex the time and expense of completing expert discovery and preparing for trial. Though Plaintiffs contend that three of the defendant groups "are not even seeking summary judgment of noninfringement," Apotex is not under an obligation to account for the other sixteen, unrelated defendants in this consolidated litigation. D.I. 408 at 1. Therefore, in the interest of promoting judicial efficiency and streamlining the case for all parties, the Court should grant Apotex's motion for leave to file a motion for summary judgment of non-infringement. *See Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, C.A. No. 12-282-RGA, 2014 WL 1370038, at *1 (D. Del. Apr. 7, 2014) (the opportunity to promote judicial efficiency weighs in favor of granting leave to file a motion for summary judgment of non-infringement). Keeping Apotex in this litigation when the sufficiency of the record, as it currently stands, reflects the undisputable conclusion that Apotex's proposed ANDA products lack an equivalent of the claimed binder will only cause inefficiencies as trial approaches and require Apotex and the Court to needlessly waste their resources.

**II.**  **Expert Discovery Is Not Required To Understand the Plain Text of the '419 Patent and Its Prosecution History**

  The text of the '419 patent and its prosecution history is plain on its face, and courts routinely grant summary judgment where, as here, there is no dispute that a plaintiff expressly narrowed a patent's claims for patentability. *Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1323 (Fed. Cir. 2013); *Amgen Inc. v. Coherus Biosciences Inc.*, C.A. No. 17-546-LPS-CJB, 2017 U.S. Dist. LEXIS 219791, at *17-*19 (D. Del. Dec. 7, 2017). A plain reading of Exhibits 3-5 to Apotex's letter brief (D.I. 402) shows there is no need for the Court to consider a "more robust evidentiary record, including expert depositions" (D.I. 408 at 2) in order to decide the legal issues of whether prosecution history estoppel and the disclosure-dedication rule apply to limit the asserted claims of the '419 patent from being extended by the doctrine of equivalents.

  Specifically, whether prosecution history estoppel applies is a legal question for the court. *Spectrum Pharms., Inc. v. Sandoz, Inc.*, 802 F.3d 1326, 1337 (Fed. Cir. 2015) (citing *Intervet*

1

*Inc. v. Merial Ltd.*, 617 F.3d 1282, 1290-91 (Fed. Cir. 2010)). Further, there is no basis for Plaintiffs' argument that "expert testimony" is "required" to understand the prosecution history of the '419 patent. (D.I. 408 at 2.) Rather, this Court has previously dismissed a case at the pleadings stage based on applying the doctrine of prosecution history estoppel without requiring any discovery, let alone expert discovery. *See Amgen Inc. v. Coherus Biosciences Inc.,* 2018 WL 1517689 (D. Del. Mar. 26, 2018), *aff'd* 931 F.3d 1154 (Fed. Cir. 2019).

      Here, the prosecution history of the '419 patent speaks for itself. As discussed in Apotex's Opening Letter, Plaintiffs expressly introduced the "binder (b), which is hydroxypropyl cellulose" claim limitation during prosecution in order to overcome a prior art rejection. (*See* D.I. 402, Ex. 4 at 4, 6.) In doing so, the applicant argued that the hydroxypropyl cellulose binder provided "unexpected results" over the cited prior art. (*Id*. at 9.) Expert testimony is not needed to interpret the relevant claim amendments, and cases are clear that "the prosecution history regarding a particular limitation in one patent is presumed to inform the later use of that same limitation in related patents." *Trading Techs*., 728 F.3d at 1323.

      Plaintiffs also argue that "more than 400 pages" of the prosecution history or potentially "four additional file histories" would be too complicated to analyze and are "ill-suited to summary judgment," but ignore that Apotex already highlighted the two key entries from the prosecution history. (*See* D.I. 402, Exhibits 4 and 5.) Plaintiffs do not dispute the existence or contents of those entries, or identify any other part of the history to dispute the importance of those entries. Plaintiffs' arguments echo Amgen's failed arguments, which were (1) "the Court has not had the benefit of a developed record" and (2) "there are factual disputes." *Id.* In that case, as here, Amgen "[did] not identify any conflicting evidence [from the prosecution history]" but "merely disputes the interpretation of those facts." *Amgen*, 2018 WL 1517689, at *4. Arguments—made now or during a summary judgment motion briefing—do not generate a genuine issue of material fact. In sum, this Court is well-positioned to read the written record of the patent and conclude for itself whether Plaintiffs are legally barred from extending the claims of the '419 patent to encompass Apotex's proposed ANDA products.

      For similar reasons, the disclosure-dedication rule precludes application of the doctrine of equivalents to encompass Apotex's proposed ANDA products as a matter of law. Like prosecution history estoppel, "[w]hether the disclosure-dedication rule prevents a patentee from pursuing a doctrine of equivalents infringement theory is a question of law." *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1364 (Fed. Cir. 2012). Courts consistently hold as a matter of law that where a patent's written description clearly lists certain ingredients as examples, but does not claim these ingredients, a patentee is barred from reclaiming some specifically-disclosed-but-unclaimed matter under the doctrine of equivalents. *See, e.g.*, *Reckitt Benckiser Pharm., Inc. v. Dr. Reddy's Labs. S.A.*, C.A. No. 14-1451-RGA, 2017 U.S. Dist. LEXIS 140633, at *9–*10 (D. Del. Aug. 31, 2017); *Aventis Pharm., Inc. v. Barr Labs.*, Inc., 335 F. Supp. 2d 558, 579 (D.N.J. 2004). Reliance on expert testimony is generally improper to determine whether the disclosure-dedication rule applies where the language of the patent clearly lists, but does not claim, ingredients or excipients. *Eagle Pharm., Inc. v. Slayback Pharma LLC*, 382 F. Supp. 3d 341, 346 (D. Del. 2019). No amount of expert testimony or legal argument can undo the '419 patent's express disclosure-dedication of ▮▮▮▮▮▮▮▮▮▮ as a binder, or the fact that

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are both disclosed and required as separate limitations of the asserted claims.

Plaintiffs' reliance on *Recro Gainesville LLC v. Actavis Labs. FL, Inc.*, No. 14-1118, 2017 WL 1064883, at *5 (D. Del. Feb. 24, 2017) is misplaced because in that case the court found that the alleged equivalent "would not fall into any of the subcategories listed" in the specification. That is not the situation presently before the Court. Here, the specification expressly discloses the allegedly equivalent excipients. This is analogous to *Eagle Pharms. Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1175 (Fed. Cir. 2020) ("*Eagle II*") and *In re Bendamustine Consol. Cases*, 2015 WL 1951399, at *3 (D. Del. Apr. 29, 2015), where the disclosure dedication-doctrine barred application of the doctrine of equivalents. Plaintiffs attempt to distinguish *Eagle II* by arguing that the specification "expressly" identified ethanol as an alternative to the claimed fluid, but, as explained above, the same is true here, because the '419 patent "expressly" discloses but does not claim the alleged equivalents. It is for this same reason that Plaintiffs' attempt to distinguish *Bendamustine* also fails. The '419 patent, just like the situation in *Bendamustine,* identifies "precise" alternatives—not merely "general classes of binders, disintegrant, and lubricants" as alleged by Plaintiffs. *See In re Bendamustine*, 2015 WL 1951399, at *3 (D. Del. Apr. 29, 2015). Thus, and without the need for expert testimony, the Court can conclude from the written description's plain language that because the excipients are disclosed in the '419 patent but not claimed as a binder, the disclosure-dedication rule compels a finding of non-infringement as a matter of law.

### III. There Are No Issues of Material Fact That Preclude Summary Judgment

Apotex's Rule 30(b)(6) witness's deposition testimony and objections on the record in no way suggest that expert testimony is required in order to interpret whether prosecution history estoppel and the disclosure-dedication rule bar Plaintiffs' arguments under the doctrine of equivalents. First, Apotex's ANDA documents are the single most relevant piece of evidence concerning Apotex's proposed ANDA products and it is correct for Apotex's witness to rely on such disclosures in his deposition. Second, Plaintiffs' questions to Dr. Vaya went well beyond the role of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in Apotex's proposed ANDA products to the properties of these excipients in any other formulations, which is not only irrelevant to any issue in dispute but also calls for expert testimony. (*See* D.I. 408, Exhibit 2.) Nor does this issue have any bearing on the fact that these excipients are expressly disclosed and separately claimed in the '419 patent.

For these reasons, and because prosecution history estoppel and the disclosure-dedication rule apply as a matter of law to preclude infringement by Apotex under the doctrine of equivalents, Apotex's motion seeking leave to file summary judgment of non-infringement of the '419 patent should be granted.

December 13, 2021                                        Respectfully submitted,

                                                         */s/ Thomas J. Francella, Jr.*
                                                         Thomas J. Francella, Jr. (#3835)
                                                         **COZEN O'CONNOR**
                                                         1201 N. Market Street, Suite 1001

3

Wilmington, DE 19801
Tel: (302) 295-2023
tfrancella@cozen.com

*Of Counsel*:

W. Blake Coblentz (*pro hac vice*)
Barry P. Golob (*pro hac vice*)
Aaron S. Lukas (*pro hac vice*)
Kerry B. McTigue (*pro hac vice*)
**COZEN O'CONNOR**
1200 Nineteenth Street, N.W.
Washington, D.C. 20036
Tel: (202) 912-4800
wcoblentz@cozen.com
bgolog@cozen.com
alukas@cozen.com
kmctigue@cozen.com

*Attorneys for Defendants Apotex Inc.,
Apotex Corp., Apotex PharmaChem Inc.,
and Signa S.A. de C.V.*