IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OTSUKA PHARMACEUTICAL CO., LTD. and H. LUNDBECK A/S,

Plaintiffs,

v.

ZENARA PHARMA PRIVATE LTD., et al.,

Defendants.

C.A. No. 19-1938-LPS

**REDACTED PUBLIC VERSION**

# PLAINTIFFS' OPENING BRIEF REGARDING EXCLUSIVITY FOR REXULTI®

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S*

*Of Counsel:*

James B. Monroe
Paul W. Browning
Denise Main
Erin M. Sommers
C. Collette Corser
Tyler B. Latcham
Kenneth S. Guerra
Kayvon M. Ghayoumi
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Dated: March 23, 2022

**HIGHLY CONFIDENTIAL**

**Table of Contents**

I. INTRODUCTION ........ 1

II. FACTUAL AND LEGAL BACKGROUND ........ 2

III. THE FDA CANNOT APPROVE ANY ANDA THAT COPIES THE REXULTI® LABEL UNTIL DECEMBER 2024 ........ 5

IV. EVEN IF DEFENDANTS PLAN TO CARVE OUT THE NEWLY APPROVED PATIENT POPULATION, THIS PROCESS WILL LIKELY IMPACT THE CURRENT TRIAL DATE ........ 6

V. CONCLUSION ........ 6

**Table of Authorities**

**Statutes and Regulations**Cases

21 C.F.R. § 314.108(b)(4)(iv) ........ 5

21 C.F.R. § 314.108(b)(5) ........ 1, 3

21 C.F.R. § 314.94(a)(8)(iv) ........ 4

21 C.F.R. § 314.95(d) ........ 5

21 C.F.R. § 314.96(d)(1)(i) ........ 4

21 U.S.C. § 355(c)(3)(E)(ii) ........ 1

# I. INTRODUCTION

Plaintiffs submit this opening brief in response to the Court's March 14, 2022, oral order requesting that the parties brief the dispute over the earliest date the FDA may approve brexpiprazole ANDAs.

This consolidated litigation stems from Defendants' intent to market generic versions of REXULTI®, an innovative antipsychotic for the treatment of schizophrenia and adjunctive treatment of major depressive disorder. In December 2021, and based on additional post-marketing studies by Otsuka, the FDA approved a supplemental New Drug Application (sNDA) for REXULTI® directed to the pediatric treatment (ages 13-17) of schizophrenia. D.I. 456-1; Exhibit 1, REXULTI® Label § 1 ("INDICATIONS AND USAGE"). Based on these additional studies in pediatric patients, the FDA granted REXULTI® a new patient population (NPP) exclusivity. Exhibit 2, Orange Book Print-out. That exclusivity extends until December 27, 2024. *Id.* For generic filers that seek to market generic versions of REXULTI® for the recently-approved patient population, the FDA cannot approve any Abbreviated New Drug Application (ANDA) until then. 21 C.F.R. § 314.108(b)(5). The current regulatory stay under 21 U.S.C. § 355(c)(3)(E)(ii) of January 10, 2023, is thus irrelevant unless Defendants attempt to carve out the pediatric population. Even then, additional Paragraph IV certifications and subsequent related litigations with their attendant fact and expert discovery periods will be necessary, further complicating the schedule in these cases.

Plaintiffs thus respectfully submit that the currently scheduled trial in this consolidated litigation can be moved to accommodate the Court's rescheduling efforts.

## II. FACTUAL AND LEGAL BACKGROUND

[redacted]

[redacted]

[redacted]

[redacted] Notwithstanding Defendants' position in the joint status update letter (D.I. 456), [redacted]

As mentioned, on December 27, 2021, the FDA approved an sNDA for REXULTI® directed to the treatment of schizophrenia in patients 13 and older. D.I. 456-1. Under FDA regulations, the FDA cannot approve any ANDA that seeks approval for that same patient population. Specifically, 21 C.F.R. § 314.108(b)(5) states that "for a period of 3 years after the date of approval of the application [i.e., the sNDA], the Agency will not approve . . . an ANDA for the conditions of approval of the NDA" if the NDA "[c]ontained reports of new clinical investigations (other than bioavailability studies) conducted or sponsored by the applicant that were essential to approval of the application," which is met here. Exhibit 2. Otsuka submitted sponsored reports of new clinical investigations that supported the FDA's grant of approval for the sNDA, meaning that REXULTI® is entitled to exclusivity until December 27, 2024, and the FDA cannot approve any ANDA that relies on the information supporting a change approved in the

sNDA, i.e., information related to the NPP. *Id.*

In view of this newly approved sNDA, the current label for REXULTI® states that "REXULTI is indicated for . . . Treatment of schizophrenia in adults and pediatric patients ages 13 years and older." Exhibit 1, REXULTI® Label at § 1. Per FDA guidelines, each generic is required to provide a side-by-side comparison of its proposed labeling against the REXULTI® label with explanations for any differences:

> (iv) Comparison of approved and proposed labeling. A side-by-side comparison of the applicant's proposed labeling including . . . . Labeling (including the container label, package insert, and, if applicable, Medication Guide) proposed for the drug product *must be the same as the labeling approved for the reference listed drug*, except for changes required because of differences approved under a petition filed under § 314.93 or because the drug product and the reference listed drug are produced or distributed by different manufacturers. Such differences between the applicant's proposed labeling and labeling approved for the reference listed drug may include differences in expiration date, formulation, bioavailability, or pharmacokinetics, labeling revisions made to comply with current FDA labeling guidelines or other guidance, *or omission of an indication or other aspect of labeling protected by patent or accorded exclusivity under section 505(j)(5)(F) of the Federal Food, Drug, and Cosmetic Act*.

21 C.F.R. § 314.94(a)(8)(iv) (emphases added). Unless an ANDA filer omits an indication subject to a patent or FDA exclusivity, the generic label "must be the same as the labeling approved for" REXULTI®.

Accordingly, to comply with labeling requirements, each generic will have to amend its ANDA to provide this side-by-side comparison. If a generic amends its label to *include* the protected pediatric population, i.e., to directly copy the REXULTI® label, that generic will have to provide updated Paragraph IV certifications. 21 C.F.R. § 314.96(d)(1)(i) ("An amendment to an ANDA is required to contain an appropriate patent certification or statement described in § 314.94(a)(12) or a recertification for a previously submitted Paragraph IV certification if

approval is sought for any of the following types of amendments: . . . To add a new indication or other condition of use." The pediatric patient population is considered a new indication or other condition of use.

A generic would similarly have to provide an updated Paragraph IV certification if it attempts to carve out the pediatric patient population. *See* 21 C.F.R. § 314.95(d).



Defendants have not provided concrete support that the January 10, 2023, date remains operative. Indeed, under Plaintiffs' current understanding , it is not.

### III. THE FDA CANNOT APPROVE ANY ANDA THAT COPIES THE REXULTI® LABEL UNTIL DECEMBER 2024

The FDA cannot approve any ANDA that includes the new pediatric patient population for schizophrenia until December 27, 2024. 21 C.F.R. § 314.108(b)(4)(iv). Under the present circumstances, , the relevant date for the approval

of these ANDAs is thus not until December 27, 2024. *Supra* Section II. [redacted] As such, the operative date for this Court's scheduling considerations is not January 10, 2023, and is instead December 27, 2024.

## IV. EVEN IF DEFENDANTS PLAN TO CARVE OUT THE NEWLY APPROVED PATIENT POPULATION, THIS PROCESS WILL LIKELY IMPACT THE CURRENT TRIAL DATE

Any attempt by Defendants to carve out the new pediatric patient population, information which Plaintiffs currently do not have, will also impact the timing and schedule of the case, likely necessitating a shift in the trial. As discussed above, any change to the Defendants' ANDAs will require amendments, additional Paragraph IV certifications and subsequent litigations based on those certifications. Those filings may raise additional issues requiring fact and expert discovery, which will be difficult, if not impossible, to address on the current case schedule. Here again, information from Defendants is required before a trial date can reasonably be set. But under Plaintiffs' current understanding, and as identified in the joint status report, the Court has flexibility until December 27, 2024.

## V. CONCLUSION

[redacted] Without additional concrete information from Defendants about their plans for addressing the NPP, the relevant date for FDA approval is December 27, 2024. Even if Defendants move forward with seeking to carve out information related to the NPP, this is a process that is subject to additional FDA review and is something the FDA may not approve at all. It will also lead to additional Paragraph IV notices, lawsuits and likely additional discovery that will take time

**HIGHLY CONFIDENTIAL**

to develop and likely makes the current trial date impractical. More importantly, based on Plaintiffs' current understanding, trial before then is unnecessary.

ASHBY & GEDDES

*Andrew C. Mayo*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S*

*Of Counsel:*

James B. Monroe
Paul W. Browning
Denise Main
Erin M. Sommers
C. Collette Corser
Tyler B. Latcham
Kenneth S. Guerra
Kayvon M. Ghayoumi
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Dated: March 23, 2022