## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OTSUKA PHARMACEUTICAL CO., LTD.
and H. LUNDBECK A/S,

        Plaintiffs,

        v.

ZENARA PHARMA PRIVATE LTD., et al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**REDACTED PUBLIC VERSION**

Civil Action No. 19-cv-1938-LPS
(consolidated)

## PROPOSED FINAL PRETRIAL ORDER-PATENT

This matter comes before the Court at a final pretrial conference held pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.3. Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S (collectively, "Plaintiffs") and Defendants Apotex Inc., Apotex Corp., Apotex Pharmachem Inc. and Signa S.A. de C.V. ("Apotex"); MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. ("MSN"); Optimus Pharma Pvt. Ltd. ("Optimus"); and Zenara Pharma Private Ltd. and Biophore India Pharmaceuticals Private Ltd. ("Zenara"), by their undersigned counsel, submit this proposed Joint Pretrial Order governing the consolidated bench trial, which is scheduled to begin on October 21, 2022, in Civil Action Nos. 1:19-cv-02006-LPS, 1:19-cv-02009-LPS, 1:20-cv-01428-LPS, 1:19-cv-02008-LPS, 1:20-cv-01332-LPS, 1:19-cv-01938-LPS, 1:20-cv-01599-LPS, which are consolidated in Civil Action No. 1:19-cv-01938-LPS (collectively, "the Consolidated Actions").

**Plaintiff(s) Counsel:**

**Attorneys for Plaintiffs Otsuka Pharmaceutical Co. Ltd. and H. Lundbeck A/S:**

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

James B. Monroe (admitted *pro hac vice*)
Paul W. Browning (admitted *pro hac vice*)
Denise Main (admitted *pro hac vice*)
Erin M. Sommers (admitted *pro hac vice*)
C. Collette Corser (admitted *pro hac vice*)
Tyler B. Latcham (admitted *pro hac vice*)
Kenneth G. Guerra (admitted *pro hac vice*)
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000
james.monroe@finnegan.com
paul.browning@finnegan.com
denise.main@finnegan.com
erin.sommers@finnegan.com
collette.corser@finnegan.com
tyler.latcham@finnegan.com
kenneth.guerra@finnegan.com

**Attorneys for Defendants**

Attorneys for Defendant Optimus Pharma Private Ltd.
Richard Weinblatt
Stamatios Stamoulis
800 N West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

Of Counsel:
Ronald M. Daignault (pro hac vice)*

Richard Juang (pro hac vice)*
rdaignault@daignaultiyer.com
rjuang@daignaultiyer.com
DAIGNAULT IYER LLP
8618 Westwood Center Drive, Suite 150
Vienna, VA 22182
*Not admitted to practice in Virginia

Attorneys for Defendants Zenara Private Ltd. and Biophore India Pharmaceuticals Private Ltd.
Kenneth Laurence Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
(302) 888- 6855
kdorsney@morrisjames.com
chitch@morrisjames.com

Dmitry V. Shelhoff (admitted *pro hac vice*)
Kenneth S. Canfield (admitted *pro hac vice*)
Edward D. Pergament (admitted *pro hac vice*)
PERGAMENT & CEPEDA LLP
25A Hanover Road, Suite 104
Florham Park, NJ 07932
(973) 998-7722
dshelhoff@pergamentcepeda.com
kcanfield@pergamentcepeda.com
epergament@pergamentcepeda.com

Attorneys for Defendants Apotex Inc., Apotex Corp. Apotex Pharmachem Inc., and Signa S.A.
de CV
Kaan Ekiner
COZEN O'CONNOR
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

W. Blake Coblentz (admitted *pro hac vice*)
Aaron S. Lukas (admitted *pro hac vice*)
COZEN O'CONNOR
1200 19th Street, NW
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Attorneys for Defendants MSN Laboratories Pvt. Ltd., and MSN Pharmaceuticals Inc.
John M. Seaman (#3868)
April M. Ferraro (#6152)
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
(302) 778-1000 phone
(302) 778-1001 facsimile
seaman@abramsbayliss.com
ferraro@abramsbayliss.com

OF COUNSEL:
A. Neal Seth
Teresa M. Summers
WILEY REIN
1776 K Street, NW
Washington, DC 20036
(202) 719-7000 phone
(202) 719-7049 facsimile
nseth@wiley.law
tsummers@wiley.law

## I.  Nature of the Consolidated Case

### A.  Nature of the Actions

1.      These are actions for patent infringement of U.S. Patent Nos. RE48,059 ("the RE'059 patent")[1]; 8,349,840 ("the '840 patent); 8,618,109 ("the '109 patent"); 9,839,637 ("the '637 patent"); and 10,307,419 ("the '419 patent")[2] (collectively, "the asserted patents") arising under the patent laws of the United States, Title 35, United States Code, §§ 100 *et seq*., including 35 U.S.C. § 271.  These actions relate to each Defendant's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, Cosmetic Act ("the Act"),

---

[1] Plaintiffs initially asserted U.S. Patent No. 7,888,362 ("the '362 patent").  On June 23, 2020, the U.S. Patent and Trademark Office reissued the '362 patent as the RE'059 patent. Plaintiffs filed new complaints asserting the RE'059 patent and the parties agreed to dismiss the '362 patent claims, without prejudice, and continue with Plaintiffs' patent infringement claims as to the RE'059 patent.  *See* C.A. No. 19-cv-1938, D.I. 96 (Optimus), D.I. 391 (MSN), and D.I. 394 (Zenara).

[2] The RE'059, '840, '109, '637 and '419 patents are asserted against all active Defendants, except for Apotex.  Only the '419 patent is asserted against Apotex.  *See* C.A. 19-cv-2006-LPS.

21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, sell, offer to sell, and import generic brexpiprazole tablet products ("Defendants' generic brexpiprazole tablet products") prior to the expiration of the asserted patents.  (C.A. No. 1:19-cv-02006, D.I. 1; C.A. No. 1:19-cv-01965, D.I. 1; C.A. No. 1:20-cv-01581, D.I. 1; C.A. No. 19-cv-02009, D.I. 1; C.A. 20-cv-01428, D.I. 1; C.A. No. 19-cv-02008, D.I. 1; C.A. No. 20-cv-01332, D.I. 1; C.A. No. 19-cv-01956, D.I. 1; C.A. No. 20-cv-01502, D.I. 1; C.A. No. 19-cv-01938, D.I. 1; C.A. No. 20-cv-01599 (collectively, "the Complaints").)

2.     This consolidated Hatch-Waxman litigation initially included complaints filed against 18 defendant groups, each seeking approval for its generic brexpiprazole tablet products. Actions against twelve of these defendant groups have been terminated.  The active defendant groups include: Apotex, MSN, Optimus, and Zenara.

3.     The following related actions have been terminated: Accord Healthcare Inc., C.A. Nos. 19-cv-01987, 20-cv-01287, D.I. 441 (D. Del.) (consolidated), C.A. No. 19-cv-01072, D.I. 10 (M.D.N.C.), and C.A. No. 20-cv-0878, D.I. 12 (M.D.N.C.); Ajanta Pharma Ltd., C.A. Nos. 19-cv-01939, 20-cv-01335, and D.I. 530 (D. Del.) (consolidated); Alembic Pharmaceuticals Ltd. and Alembic Pharmaceuticals, Inc., C.A. Nos. 19-cv-02007, 20-cv-01365, and D.I. 510 (D. Del.) (consolidated); Alkem Laboratories Ltd., C.A. Nos. 19-cv-01964, 20-cv-01286, and D.I. 518 (D. Del.) (consolidated); Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals Company GmbH, Raks Pharma Pvt. Ltd., C.A. Nos. 19-cv-01952, 20-cv-01297, and D.I. 553 (D. Del.) (consolidated); Aurobindo Pharma ltd. and Aurobindo Pharma USA, Inc., C.A. Nos. 19-cv-01965, 20-cv-01581, and D.I. 567 (D. Del.) (consoldiated); Hetero Labs Ltd., Hetero Labs Ltd. Unit-V, Hetero USA, Inc., Hetero Drugs Ltd. and Honour Lab Ltd., C.A. Nos. 19-cv-01954, 20-cv-01531 and D.I. 502 (D. Del.) (consolidated); Lupin Limited and Lupin Pharmaceuticals, Inc., C.A. Nos.

19-cv-01988, 20-cv-01296, and D.I. 540 (D. Del.) (consolidated); Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc., C.A. Nos. 19-cv-02065, 21-cv-00316, and D.I. 525 (D. Del.) (consolidated); Prinston Pharmaceuticals Inc., C.A. Nos. 19-cv-01956, 20-cv-01502, and D.I. 569, 570 (D. Del.) (consolidated); Sandoz Inc., C.A. Nos. 19-cv-02080, 21-cv-00580, D.I. 564 (D. Del.) (consolidated), C.A. No. 22-cv-00591, D.I. 11 (D. Del.) and C.A. No. 19-cv-03112, D.I. 11 (D. Colo.); Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries Ltd., C.A. Nos. 19-cv-01955, 20-cv-01423, D.I. 464 (D. Del.) (consolidated) and C.A. No. 22-cv-0221, D.I. 10 (D. Del.); Unichem Laboratories Ltd. C.A. Nos. 19-cv-01977, 20-cv-01295, D.I. 11 (D. Del.) and D.I. 362 (D. Del.) (consolidated); and Zydus Pharmaceuticals USA Inc. and Zydus Lifesciences Limited, C.A. Nos. 19-cv-02024, 20-cv-1763, D.I. 559 (D. Del.) (consolidated), C.A. No. 19-cv-19394, D.I. 13 (D.N.J.) and C.A. No. 20-cv-20269, D.I. 8 (D.N.J.).

**B.     Complaints, Asserted Claims and Requested Relief**

4.     In the Complaints, Plaintiffs have alleged that each Defendant will infringe, either literally or under the doctrine of equivalents, claims of each of the asserted patents under 35 U.S.C. § 271(e)(2) by submitting, or causing to be submitted, to the FDA an ANDA seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic brexpiprazole tablet products before the expiration of the asserted patents.

5.     Plaintiffs have further alleged that each defendant will induce infringement of and/or contribute to the infringement of claims of the asserted patents if the FDA approves each Defendant's respective ANDA and Defendants were to sell Defendants' generic brexpiprazole tablet products with each Defendant's proposed labeling, which is required to copy the FDA approved REXULTI® labeling.

6.     Plaintiffs are asserting the following claims against the Defendants ("the asserted claims"):

| Patent | Claims Asserted | Defendants Asserted Against |
|---|---|---|
| RE'059 | 1-3, 7, 9, 12-15 | Optimus |
| | 1-3, 7, 12-13 | MSN, Zenara |
| '840 | 1-2, 4-5 | MSN, Optimus, Zenara |
| '109 | 1-2 | MSN, Optimus, Zenara |
| '637 | 1, 3-10 | MSN, Optimus, Zenara |
| '419 | 1-7 | Optimus |
| | 1, 2, 4, 6 | Apotex |
| | 1-3, 5-7 | MSN |
| | 1-3, 6 | Zenara |

7.     In the Complaints, Plaintiffs requested that the Court:

- enter judgment under 35 U.S.C. § 271(e)(2)(A) that each defendant has infringed at least one claim including at least claim 1 of each of the respective asserted patent(s) through each Defendant's submission of an ANDA to the FDA seeking to obtain approval to manufacture, use, import, offer to sell and sell Defendants' generic brexpiprazole tablet products in the United States before the expiration of the asserted patent(s);

- enter judgment under 35 U.S.C. § 271(a), (b) and/or (c) that each defendant's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Defendants' generic brexpiprazole tablet products prior to the expiration of the asserted patent(s) constitutes infringement of one or more claims of said patent(s) under 35 U.S.C. § 271(a), (b) and/or (c);

- order that the effective date of any approval by the FDA of Defendants' generic brexpiprazole tablet products be a date that is not earlier than the expiration date of the asserted patent(s) and any additional periods of exclusivity, in accordance with 35 U.S.C. §§ 271(e)(4)(A) and 283;

- enjoin each defendant, and all persons acting in concert with each defendant, from the commercial manufacture, use, import, offer for sale and sale of Defendants' generic brexpiprazole tablet products until the expiration of the asserted patent(s);

- declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses and disbursements in this action, including reasonable attorney fees;

- award any further appropriate relief under 35 U.S.C. § 271(e)(4); and

- award such further and other relief as this Court deems proper and just.

**C.     Defendants' Answers, Defenses, Counterclaims and Requested Relief**

**1.     Zenara**

8.      In its Answer (19-1938, D.I. 8), Zenara denied that Plaintiffs are entitled to any of the relief sought in its Complaint.  Zenara asserted affirmative defenses of non-infringement, invalidity, collateral estoppel, and failure to state a claim.  Zenara has stipulated to infringement of the asserted claims of the RE'059 patent, the '840 patent, the '637 patent, and the '109 patent. C.A. No. 19-cv-01938, D.I. 413.  Zenara maintains its defenses of invalidity of the asserted claims of those patents and non-infringement and invalidity of the asserted claims of the '419 patent.

**2.     Optimus**

9.      In its Answer (19-2008, D.I. 8), Optimus denied that Plaintiffs are entitled to any of the relief sought in its Complaint.  Optimus asserted affirmative defenses of non-infringement, invalidity, collateral estoppel, and failure to state a claim.  Optimus has stipulated to infringement of the asserted claims of the RE'059 patent, the '840 patent, the '637 patent, and the '109 patent. C.A. No. 19-cv-01938, D.I. 413.  Optimus maintains its defenses of non-infringement of the RE'059 patent, the '840 patent, the '637 patent, and the '109 patent; and the invalidity of the

asserted claims of those patents and non-infringement and invalidity of the asserted claims of the '419 patent.

### 3.   Apotex

10.   In its Answer (19-2006, D.I. 11), Apotex denies that Plaintiffs are entitled to any of the relief sought in its Complaint. Apotex asserted affirmative defenses of non-infringement, invalidity, and failure to state a case for exceptional case.

### 4.   MSN

11.   In its Answer (19-2009, D.I. 9), MSN denied that Plaintiffs are entitled to any of the relief sought in its Complaint.  MSN asserted affirmative defenses of and failure to state a claim, invalidity, non-infringement, no injunctive relief, no attorneys' fees, no costs, waiver or estoppel. MSN also served Counterclaims for Invalidity and Non-Infringement.  In its Answer (20-1428, D.I. 11), MSN asserted affirmative defenses of invalidity, non-infringement, failure to state a claim, no injunctive relief, collateral estoppel, no exceptional case, no costs. MSN also served Counterclaims for Invalidity and Non-Infringement.

### D.   Plaintiffs' Answers to Counterclaims and Requested Relief

### 1.   Zenara

12.   Zenara did not assert any counterclaims against Plaintiffs.  (19-cv-01938, D.I 8; 20-cv-01599, D.I. 7.)  Zenara has not pursued its affirmative defenses of: (1) non-infringement of the RE'059, '840, '109, or '637 patents; and in fact, has stipulated to infringement of the asserted claims of these patents (19-cv-01938, DI 413); (2) collateral estoppel; or (3) failure to state a claim. Plaintiffs dispute Zenara's contentions regarding the alleged non-infringement of the '419 patent and the alleged invalidity of the patents-in-suit.

### 2. Optimus

13. Optimus did not assert any counterclaims against Plaintiffs. (19-cv-02008, D.I. 7; 20-cv-01332, D.I. 8.) Optimus has not pursued its affirmative defenses of: (1) non-infringement of the RE'059, '840, '109, or '637 patents; or (2) failure to state a claim. Plaintiffs' dispute Optimus' contentions regarding the alleged non-infringement of the '419 patent and the alleged invalidity of the patents-in-suit.

### 3. Apotex

14. Apotex did not assert any counterclaims against Plaintiffs. (19-cv-02006, D.I. 11.) Apotex has not pursued its affirmative defense of failure to state a claim for an exceptional case.

### 4. MSN

15. MSN has not pursued its affirmative defenses of: (1) non-infringement of the RE'059, '840, '109, or '637 patents; (2) and failure to state a claim: (3) no injunctive relief; (4) no attorneys' fees; (5) no costs; (6) waiver; and (7) estoppel.

16. In Plaintiffs' Answers to MSN's counterclaims, Plaintiffs denied all counterclaims asserted by MSN of non-infringement and invalidity of the asserted patents. (19-cv-02006, D.I. 11; 20-cv-01428, D.I. 13).

17. Plaintiffs requested that the Court:

- dismiss MSN's counterclaims with prejudice;

- deny any of the relief MSN seeks in its counterclaims;

- grant Plaintiffs the relief requested in Plaintiffs' Complaints; and

- award Plaintiffs such further and additional relief as this Court deems just and proper.

(*Id.*)

### E.    Claim Construction

18.    On February 19, 2021, Plaintiffs and Defendants filed a joint claim statement with the Court for the '419 patent.  As set forth in that statement, certain Defendants, including Apotex, MSN, Optimus, and Zenara, proposed that the term "hydroxypropylcellulose" be construed to mean "a derivative of cellulose including hydroxypropoxyl groups by about 50 to 85%." (D.I. 49.) The Defendants also proposed the term "coating substantially does not contain polyethylene glycol" is indefinite.  (*Id.*)  Plaintiffs indicated they had no objection to the proposed construction of "hydroxypropylcellulose" as that construction is consistent with the plain and ordinary meaning of the term.  (*Id.*)  Regarding "coating substantially does not contain polyethylene glycol," Plaintiffs' submitted their position that the phrase has its plain and ordinary meaning under *Phillips*, which means "polyethylene glycol is substantially not contained in the coating," and is not tied to any specific amount.  (*Id.*) Defendants submitted their position that the term is indefinite but, any in case, cannot contain permit than approximately 5.7% or 10% PEG by weight in the coating.

19.    On June 28, 2021, the Court held a *Markman* hearing on the '419 patent and issued a Memorandum Opinion (D.I.  126) and Order (D.I.  127).    The Court construed "hydroxypropylcellulose" as "a derivative of cellulose including hydroxypropoxyl groups by about 50 to 85%." (D.I. 127.)  The Court did not decide the parties' disputes with respect to the "coating substantially does not contain polyethylene glycol" term and instead ordered that "The Court will decide indefiniteness in connection with trial." (D.I. 127.)

### F.    Prior Motions

20.    Zenara previously filed a motion for leave to file a motion for judgment on the pleadings under Fed. R. Civ. 12I of non-infringement of the '419 patent. (D.I. 12-13.)  Plaintiffs

timely opposed this motion.  (D.I. 17.)  The Court denied Zenara's motion without prejudice. (D.I. 27, 28.)

21.     Optimus previously filed a motion for leave to file a motion for judgment on the pleadings under Fed. R. Civ. 12 of non-infringement of the '419 patent.  (19-cv-2008, D.I. 12-13.) Plaintiffs timely opposed this motion.  (19-cv-02008, D.I. 16.)  The Court denied Optimus's motion without prejudice.  (19-cv-02008, D.I. 31.)

### G.     Pending Motions

22.     On August 24, 2022, Plaintiffs filed a *Daubert* Motion to Exclude the Testimony of Jeffrey Aubé, Ph.D.  (D.I. 554, 555.)  Defendants timely opposed this motion.  (D.I. 565.) Plaintiffs timely filed a reply brief in support of their motion.  (D.I. 568.)

## II.    Jurisdiction

23.     This is a consolidated action for patent infringement of U.S. Patent Nos. RE48,059 ("the RE'059 patent"); 8,349,840 ("the '840 patent); 8,618,109 ("the '109 patent"); 9,839,637 ("the '637 patent"); and 10,307,419 ("the '419 patent")[3] arising under the patent laws of the United States, Title 35, United States Code, §§ 100 *et seq*., including 35 U.S.C. § 271.

24.     Personal jurisdiction is not disputed for purposes of this action and is based on the reasons stated in each Complaint[4] and each Defendant's corresponding answer.[5]  Subject matter

---

[3] The RE'059, '840, '109, '637 and '419 patents are asserted against all active Defendants, except for Apotex.  Only the '419 patent is asserted against Apotex.  *See* C.A. 19-cv-2006-LPS.

[4] Apotex Complaint, C.A. No. 19-cv-02006, D.I. 1, ¶¶ 9-28; MSN Complaints, C.A. No. 19-cv-02009, D.I. 1, ¶¶ 8-25 and C.A. No. 20-cv-01428, D.I. 1, ¶¶ 8-25; Optimus Complaints, C.A. No. 19-cv-02008, D.I. 1, ¶¶ 6-12 and C.A. No. 20-cv-01332, D.I. 1, ¶¶ 6-12; Zenara Complaints, C. A. No. 19-cv-01938, D.I. 1, ¶¶ 8-17 and C.A. No. 20-cv-01599, D.I. 1, ¶¶ 8-17.

[5] Apotex Answer, C.A. No. 19-cv-02006, D.I. 11, ¶¶ 10-28; MSN Answers, C.A. No. 19-cv-02009, D.I. 9, ¶¶ 8-23 and C.A. No. 20-cv-01428, D.I. 11, ¶¶ 9-23; Optimus Answers, C.A. No. 19-cv-02008, D.I. 7, ¶¶ 7-11 and C.A. No. 20-cv-01332, D.I. 8, ¶¶ 7-11; Zenara Answers, C. A. No. 19-cv-01938, D.I. 8, ¶¶ 9-16 and C.A. No. 20-cv-01599, D.I. 7, ¶¶ 9-16.

jurisdiction is not disputed for purposes of this action and is based on 28 U.S.C. §§ 1331 and 1338(a).[6]

25.     Venue is not disputed for the purposes of this action and is based on 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) for at least the entities incorporated in Delaware and also on the answers of those Defendants not incorporated in Delaware that state that the defendant does not contest venue in this action.[7]

## III.    Facts

### A.    Uncontested Facts

26.     The parties' Joint Statement of Uncontested Facts is attached as **Exhibit 1**.  The facts are not disputed or have been agreed to or stipulated to by the parties.  These facts should become part of the evidentiary record in this consolidated action.

27.     Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the Court, and will be charged for the time used to do so.

### B.    Contested Facts

28.     Plaintiffs' statement of Contested Facts to be Litigated are attached as **Exhibits 2 and 5**.

29.     Defendants' statement of Contested Facts to be Litigated are attached as **Exhibits 3 and 4**.

---

[6] Apotex Answer, C.A. No. 19-cv-02006, D.I. 11, ¶ 9; MSN Answers, C.A. No. 19-cv-02009, D.I. 9, ¶ 8 and C.A. No. 20-cv-01428, D.I. 11, ¶ 8; Optimus Answers, C.A. No. 19-cv-02008, D.I. 7, ¶ 6 and C.A. No. 20-cv-01332, D.I. 8; Zenara Answers, C. A. No. 19-cv-01938, D.I. 8, ¶ 8 and C.A. No. 20-cv-01599, D.I. 7, ¶ 8.

[7] Apotex Answer, C.A. No. 19-cv-02006, D.I. 11, ¶¶ 29-30; MSN Answers, C.A. No. 19-cv-02009, D.I. 9, ¶¶ 24-25 and C.A. No. 20-cv-01428, D.I. 11, ¶¶ 24-25; Optimus Answers, C.A. No. 19-cv-02008, D.I. 7, ¶ 12 and C.A. No. 20-cv-01332, D.I. 8, ¶ 12; Zenara Answers, C. A. No. 19-cv-01938, D.I. 8, ¶ 17 and C.A. No. 20-cv-01599, D.I. 7, ¶ 17.

30.     If this Court determines that any issue identified in the statements of Contested Facts to be Litigated is more properly considered an issue of law, it should be so considered.

**IV.     Issues of Law**

31.     Plaintiffs' statement of Issues of Law to be Litigated is attached as **Exhibit 6**.

32.     Defendants' statement of Issues of Law to be Litigated is attached as **Exhibit 7**.

33.     If this Court determines that any issue identified in the statements of Issues of Law to be Litigated is more properly considered an issue of fact, it should be so considered.

**V.     Witnesses**

34.     Presentation of evidence will follow the burden of proof.

35.     In the absence of an alternative agreement between the parties, fact witnesses will be sequestered.

36.     Unless otherwise agreed between the parties, the parties will identify witnesses expected to testify **by 7:00 p.m. two calendar days before the direct examination** will take place. The other party shall identify any objections to such witness(es) **by 8:30 p.m. the following day** and the parties shall meet and confer to resolve any objections **by 9:30 p.m. that same evening**. If good faith efforts to resolve the objections fail, the party objecting shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

37.     The parties shall exchange a final list of witnesses they intend to call live at trial one (1) week in advance of the trial date.  A party shall promptly provide notice if it will not call live a witness who is so identified on the list of trial witnesses.  To the extent a party gives notice that a witness identified as a live witness on the list of trial witnesses is not going to be called live, the parties may provide designations and counter-designations of the witness's deposition transcript, as well as objections to the opposing party's designations, in a reasonable time frame as agreed upon between the parties.

38.     The parties will **confer nightly** to update opposing counsel as to the expected day that the party intends to complete its presentation of evidence.

39.     The parties' witness lists, see Section V.A and Section V.B below, are a good faith representation of the witnesses currently expected to testify at trial, not a commitment that any of the witnesses listed will appear to testify live at trial.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, the parties agree to timely notify the other parties and supplement their witness list.  In the event a fact witness either of the parties have identified as testifying live at trial becomes unavailable, each party reserves the right to call that witness by deposition, as set forth below in this pretrial order.

40.     The parties further reserve the right to call: (1) one or more additional witnesses whose testimony is necessary to establish authenticity or admissibility of any trial exhibit, if that evidentiary status of the exhibit is challenged by an opposing party the parties will work together in good faith to resolve authentication and admissibility issues without the need for live testimony, if possible; (2) additional witnesses to respond to any issues raised by the Court's pretrial or trial rulings; and (3) any witness live for impeachment purposes to the extent permitted by applicable rules.

41.     Any witness not listed in the parties' witness lists, see Section V.A. and Section V.B below, or provided for in the preceding paragraph above will be precluded from testifying absent good cause shown.

### A.     List of Witnesses Plaintiffs Expect to Call

42.     Plaintiffs' List of Witnesses to be Called Live or By Deposition is attached as **Exhibit 8,** and it includes both expert and non-expert witnesses and any objections to a witness by Defendants with a brief statement of the basis for the objection.

43.     For any expert witness, **Exhibit 8** identifies the subject matter on which Plaintiffs will ask the Court to recognize the witness's expertise.  No deviations as to the described subject matter will be permitted without approval of all parties or the Court, on good cause shown.

**B.**      **List of Witnesses Defendants Expect to Call**

44.     Defendants' List of Witnesses to be Called Live or By Deposition is attached as **Exhibit 9**, and it includes both expert and non-expert witnesses and any objections to a witness by Plaintiffs with a brief statement of the basis for the objection.

45.     For any expert witness, **Exhibit 9** identifies the subject matter on which Defendants will ask the Court to recognize the witness's expertise.  No deviations as to the described subject matter will be permitted without approval of all parties or the Court, on good cause shown.

**C.**      **List of Witnesses Third Parties Expect to Call**

46.     There are no third parties to the action.

**D.**      **Testimony by Deposition**

47.     A key to the objection codes used by both Plaintiffs' and Defendants' for objections to deposition testimony is attached as **Exhibit 10**.

48.     Plaintiffs identify the deposition testimony that Plaintiffs may offer into evidence in **Exhibit 11**.  Plaintiffs' deposition designations, Defendants' objections to the designations, Defendants' counter designations, and Plaintiffs' objections to the counter designations are listed in **Exhibit 11.**

49.     Defendants identify the deposition testimony that Defendants may offer into evidence in **Exhibit 12.**  Defendants' deposition designations, Plaintiffs' objections to the designations, Plaintiffs' counter designations, and Defendants' objections to the counter designations are listed in **Exhibit 12.**

50.     With respect to those witnesses whom the parties have identified in **Exhibits 8 and 9** that will be called to testify live at trial, no deposition designations or counter-designations are required.  Should a fact witness identified in **Exhibits 8 and 9** as testifying live at trial become unavailable, as that term is defined in the Federal Rules of Civil Procedure and Federal Rules of Evidence, the parties are permitted to designate specific pages and lines of deposition testimony that they intend to read or play in lieu of the witness's appearance upon reasonable notice.   The parties shall only identify those witnesses they intend to call to testify live at trial that they believe in good faith they will call to testify live at trial, and the parties shall immediately notify each other in the event they have decided not to call a witness to testify live at trial.

51.     Subject to the preceding paragraph, this pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  A party's decision not to introduce some or all of the testimony of a witness designated by that party herein shall not be commented upon by the other party at trial.  Either party is entitled to use the deposition testimony as designated herein by the other party.

52.     For deposition testimony provided to the Court, the parties providing the designated testimony shall serve the other parties with the transcript pages and line numbers of the deposition testimony they intend to introduce **by 7:00 p.m. four calendar days before** such testimony is to be introduced, and identify the manner in which the deposition will be used, either by video or reading the transcript into the record.  The opposing parties will identify any objections to the designated deposition testimony and any specific pages and lines from that deposition to counter-designate **by 7:00 p.m. two calendar days before** such testimony is to be introduced).

Anticipated objections are listed in **Exhibits 11 and 12,** and the parties shall not be permitted to add or assert different objections to deposition testimony designated or counter-designated in **Exhibits 11 and 12**.  By **8:00 pm one calendar day before such testimony is to be introduced**, the introducing party will identify any objections to the other party's counter-designated testimony. The parties shall meet and confer to resolve any objections to designated testimony **by 10:00 p.m. that same day** (one calendar day before such testimony is to be introduced).

53.     If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than one (1) calendar day before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

54.     All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

55.     When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played.  In the case of designations played via video, the parties will be charged for elapsed time that corresponds to the video length of the lines of testimony the party designated.  If the designations are read, the parties will be charged for the time that corresponds to the lines of testimony the party designated.

56.     When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts will be introduced simultaneously in the sequence in which the testimony was originally given.  The specific portions of the deposition shall be read or played in page order.  If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence if it is included on the offering party's trial exhibit list, is not otherwise objected to, and the offering party formally moves the exhibit into evidence by exhibit number.

### E.     Impeachment with Prior Inconsistent Testimony

57.     Pursuant to Fed. R. Evid. 613, deposition and other testimony or statements not specifically identified on a party's deposition designation list or exhibit list may be used at trial only for the purpose of impeachment, if otherwise competent for such purpose.  The Court will rule at trial on any objections based on lack of completeness and/or lack of consistency.

### F.  Objections to Expert Testimony

58.     The parties request that the Court rule at trial on any objections to expert testimony beyond the scope of expert disclosures.  In the event of any such objection, the parties shall provide copies of that expert's report(s) and deposition testimony to the Court.  However, unless expressly moved and accepted into evidence, the expert report(s) and deposition testimony shall be used only for the purpose of ruling on objections to expert testimony offered at trial.

## VI.     Exhibits

### A.     Exhibits

59.     A Key to the objection codes used by both Plaintiffs' and Defendants' for objections to exhibits is attached as **Exhibit 13**.

60.     Plaintiffs' list of exhibits that they may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment and/or cross-examination, and Defendants' objections to Plaintiffs' exhibits, are attached as **Exhibit 14**.  Plaintiffs' trial exhibits will be

identified with PTX numbers, starting at PTX 1.  Plaintiffs' demonstratives will be identified with PDX numbers.

62. Defendants' joint list of exhibits that they may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment and/or cross-examination, and Plaintiffs' objections to Defendants' exhibits,[8] are attached as **Exhibit 15**.  Defendants' joint trial exhibits will be identified with DTX numbers, starting at DTX 1.  Defendants' demonstratives will be identified with DDX numbers.

62. This pretrial order contains the maximum universe of exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such objections, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  Exhibits not listed will not be admitted unless good cause is shown.

63. No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point before the completion of the trial, any party that has used an exhibit with a witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.  This applies to exhibits offered through live testimony and designated testimony.

64. A party will provide a list of the exhibits to be used in connection with live direct examination **by 7:00 p.m. the night before** their intended use, and objections will be provided **no**

---

[8] Plaintiffs objected to the majority of Defendants' exhibits as lacking an adequate description and/or not being timely produced to Plaintiffs as part of the pretrial order exchange. Plaintiffs additionally objected to Defendants' exhibit list as omitting Plaintiffs' previously-served objections.  Plaintiffs raised these deficiencies with Defendants, and Defendants supplemented their exhibit list to include some additional bates numbers and Plaintiffs objections the day before this Pretrial Order was due.  Given this timing, Plaintiffs thus reserve the right to further supplement their objections to Defendants' Exhibit List, including after the filing of this Joint Pretrial Order.

later than 8:30 p.m. the night before their intended use.  The parties shall meet and confer by 9:30 PM the night before their intended use in order to attempt to resolve any objections.  If good faith efforts to resolve the objections fail, the parties defer to the Court for ruling on objections either prior to the witness being called to the witness stand or during the witness's testimony. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

65.     Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.  Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

66.     Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission. The listing of a document on a party's exhibit list is not an admission that such document is relevant, or admissible, when offered by the opposing side for the purpose that the opposing side wishes to admit the document.  Each party reserves the right to object to the relevance of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

67.     Legible copies of United States patents, file histories, and the contents of United States and foreign patents and translations thereof (if in English or translated into English) may be

offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

68.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

### B.     Demonstrative Exhibits

69.     The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Final Pretrial Order.  Plaintiffs' demonstrative exhibits will be identified with PDX numbers.  Defendants' demonstrative exhibits will be identified with DDX numbers.

70.     The parties will exchange demonstratives to be used in opening statements **by 12:00 p.m. noon the day before opening statements**.  The parties will provide any objections to such demonstratives **by 6:00 p.m. on the night before opening statements**.  The parties shall meet and confer **by 8:00 p.m. the night before opening statements.**

71.     A party will provide demonstrative exhibits to be used in connection with direct examination **by 7:00 p.m. the night before** their intended use, and objections will be provided no later than **8:30 p.m. the night before** their intended use.  The parties shall meet and confer **by 9:30 p.m. the night before** their intended use.  If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

72.     The parties will exchange demonstratives to be used in closing statements **by 7:00 p.m. the night before** their intended use, and objections will be provided no later than **8:30 p.m. the night before** their intended use.  The parties shall meet and confer **by 9:30 p.m. the night before** their intended use.

73.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

74.     These provisions do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, none of which need to be provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

75.     If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

## VII.   Damages

76.     As of September 15, 2022, Plaintiffs are not claiming damages.  If any Defendant launches its proposed generic brexpiprazole tablet products prior to the Court's decision in this consolidated action, the parties will inform the Court promptly.

## VIII.   Bifurcated Trial

77.     The parties do not request a bifurcated trial.

## IX.   Motions *in Limine*

### A.     Plaintiffs' Motions *in Limine*

78.     Plaintiffs' Motion *in Limine* to Preclude the Admission of and Defendants' Reliance on Non-Prior Art Documents in Their Obviousness Challenged is attached as **Exhibit 16**.

79.     The parties have met and conferred regarding Plaintiffs' motion in accordance with

Local Rule 7.1.1.

      **B.**     **Defendants' Motions *in Limine***

80.     Defendants have not submitted any motions *in limine*.

**X.**     **Discovery**

81.     Each party has completed discovery.

**XI.**     **Number of Jurors**

82.     This is a non-jury trial.

**XII.**     **Non-Jury Trial**

83.     The parties request a detailed opinion from the Court post-trial.

84.     Along with their opening post-trial briefs, each party shall provide proposed
Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the
relevant material facts the party believes it has proven, in a simple narrative form, along with
citations to the record.  No separate Conclusions of Law shall be filed.

85.     The parties propose the following post-trial briefing schedule and page limits:

| Event | Proposed Deadline | Page Limit |
| --- | --- | --- |
| Plaintiffs' Opening Brief(s) on Infringement | Monday, December 5 | 40 pages |
| Plaintiffs' Findings of Fact on Infringement | Monday, December 5 | 100 pages |
| Defendants' Opening Brief(s) on Invalidity | Monday, December 7 | 40 pages |
| Defendants' Findings of Fact on Invalidity | Monday, December 5 | 100 pages |
| Plaintiffs' Responsive Brief(s) on Validity | Thursday, December 22 | 40 pages |

| Event | Proposed Deadline | Page Limit |
|---|---|---|
| Plaintiffs' Findings of Fact on Validity | Thursday, December 22 | 100 pages |
| Defendants' Responsive Brief(s) on Non-Infringement | Thursday, December 22 | 40 pages |
| Defendants' Responsive Finding of Facts on Non-Infringement | Thursday, December 22 | 75 pages |

## XIII.   Length of Trial

86.   This matter is currently scheduled for a **6-day** bench trial beginning on **October 21, 2022**, and continuing on some or all of the following days: Monday, October 24, 8:30am-6:30pm; Tuesday, October 25, 8:30am-6:30pm; Wednesday, October 26, 8:30am-12:30pm; Thursday, November 17, 8:30am-6:30pm; and Friday, November 18, 8:30am-6:30pm.

87.   The order of presentation of evidence and argument will follow the burden of proof.

88.   The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, closing argument, its argument on any motions for judgment as a matter of law, and all sides' argument on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

89.   The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

90.   Considering the Court's procedures for counting time, the nature and extent of the parties' disputes, and the Court's oral order (D.I. 562), the parties request a total of 40 hours split evenly between Plaintiffs and Defendants (20 hours for Plaintiffs; 20 hours for Defendants) for their trial presentation.

## XIV.   Motions for Judgment as a Matter of Law

91.    The parties reserve the right to move pursuant to Fed. R. Civ. P. 52(c) for judgment on partial findings.  The parties agree that either party making a motion pursuant to Fed. R. Civ. P. 52(c) will advise the Court of its motion promptly and in accordance fully with Fed. R. Civ. P. 52(c).  Supplementation of the motion in writing shall be made only upon request by the Court. Pursuant to Fed. R. Civ. P. 52(c), the Court may decline to render any judgment until the close of evidence.

## XV.   Amendments of the Pleadings

92.    No amendments to the pleadings are sought by the parties at this time.

## XVI.   Additional Matters

93.    The parties will confer and inform the Court if they expect that the presentation of evidence may involve non-public highly confidential information.

## XVII.  Settlement

94.    The parties have engaged in a good faith effort to explore the resolution of the controversy by settlement.  As of September 2, 2022, Plaintiffs and the counsel for each Defendant have discussed settlement within the past month.

ASHBY & GEDDES

/s/ Andrew C. Mayo
_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S*

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney
_____
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Zenara Pharma Private Ltd. and Biophore India Pharmaceuticals Private Ltd.*

STAMOULIS &WEINBLATT LLC

/s/ Richard C. Weinblatt
_____
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendant Optimus Pharma Pvt. Ltd.*

ABRAMS & BAYLISS LLP

/s/ April M. Ferraro
_____
John M. Seaman (#3868)
April M. Ferraro (#6152)
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
seaman@abramsbayliss.com
kirby@abramsbaylissdirb.com

*Attorneys for Defendants MSN Laboratories Pvt. Ltd., and MSN Pharmaceuticals Inc.*

COZEN O'CONNOR

*/s/ Thomas J. Francella, Jr.*
_____
Thomas J. Francella, Jr. (#3835)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2023
tfrancella@cozen.com

*Attorneys for Defendants Apotex Inc., Apotex*
*Corp., Apotex Pharmachem Inc., and Signa*
*S.A. de C.V.*

      **IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent

course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____

      _____
      UNITED STATES CIRCUIT JUDGE, sitting by designation